ATTORNEY FOR APPELLANT
John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 48S02-0607-CR-272

JASON HOLE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Madison Superior Court, Division III, No. 48D03-0401-FB-8
The Honorable Thomas Newman, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 48A02-0504-CR-337

**July 27, 2006**

**Rucker, Justice.**

Jason Hole seeks transfer from a decision of the Court of Appeals affirming his sentence for battery resulting in serious bodily injury to a person less than fourteen years of age, a Class B

felony. The record shows that Hole broke the leg of his girlfriend's fourteen-month-old daughter. A doctor who diagnosed the child testified that a great amount of force was required to accomplish this feat and that such an injury was not consistent with a fall or other accident. Hole pleaded guilty to the offense under an agreement that was not reduced to writing but orally recited in open court as follows: "[T]he terms of the plea agreement are [a] ten (10) year sentence. [P]lacement open to the court." Tr. at 8. After a hearing the trial court imposed an executed sentence of ten years. On review Hole cast his single issue as "[w]hether the Trial court properly sentenced Hole to an enhanced term of a ten (10) year sentence." Br. of Appellant at 1.[1] Complaining primarily that the trial court failed to consider significant mitigating factors, Hole also contended that his sentence was inappropriate within the meaning of Indiana Appellate Rule 7(B).

Concluding that Hole could not challenge his sentence on appeal, the Court of Appeals declared in an unpublished memorandum decision, "It is clear from the record that Hole agreed to serve a ten year sentence for his crime. His agreement to the ten year sentence implies that he also agreed that his sentence was appropriate." Hole v. State, No. 48A02-0504-CR-337, slip op. at 3 (Ind. Ct. App. Sept. 14, 2005). In support, the court relied upon Wilkie v. State, 813 N.E.2d 799, 804 (Ind. Ct. App. 2004), trans. denied, for the proposition that "if a defendant signs a plea agreement in which he agrees to a specific term of years . . . he will not be able to claim thereafter that a sentence imposed consistent with the agreement is inappropriate." In his petition to transfer, Hole contends that the precedent on which the Court of Appeals relied is "erroneous and is in need of modification or clarification." Pet. to Trans. at 3. Although we now grant transfer, except as otherwise provided we summarily affirm the Court of Appeals' decision.

In a recent opinion we disagreed with the view expressed in several Court of Appeals opinions that defendants who enter into certain categories of plea agreements are either barred on appeal from challenging the appropriateness of their sentences under Indiana Appellate Rule 7(B) or have acquiesced to their sentences and therefore cannot now complain. We held instead that Indiana Appellate Rule 7(B)

_____

[1] It is not apparent why Hole characterized his sentence as "enhanced." The presumptive sentence (or now advisory sentence) for a Class B felony is ten years. See Ind. Code § 35-50-2-5.

2

articulates a standard of review designed as guidance for appellate courts. . . . Of course a defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review. But to say that a defendant has acquiesced in his or her sentence or has implicitly agreed that the sentence is appropriate undermines in our view the scope of authority set forth in Article VII, Section 4 of the Indiana Constitution. We thus disapprove of language in Gist, Mann, and their progeny providing otherwise.[2]

Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)

That is not to say however that every sentence that is the product of a plea agreement is subject to Rule 7(B) review. Only if the trial court is exercising discretion in imposing a sentence may a defendant then contest on appeal the merits of that discretion on the grounds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Id. at 1078-80. And whether a defendant pleads guilty under the terms of an agreement that provides for an "open plea"[3] or an agreement that provides for a sentencing cap or range, the trial court still must exercise discretion in determining the sentence it will impose. See id. at 1078. By contrast where a plea agreement calls for a specific term of years, "if the trial court accepts the parties' agreement, it has no discretion to impose anything other than the precise sentence upon which they agreed." Id. at 1078-79 n.4 (citing Badger v. State, 637 N.E.2d 800, 802 (Ind. 1994) ("[I]f the court accepts the agreement, it becomes bound by the terms of the agreement."); Blackburn v. State, 493 N.E.2d 437, 439 (Ind. 1986) ("Although not a party to the agreement, once the court accepts a plea agreement, it is bound by the terms of that agreement.")). The plea agreement in this case falls within the latter category.[4] The parties agreed that Hole would serve a "ten (10) year sentence." Tr. at 8. And Hole received the precise

---

[2] Wilkie, supra, was among the opinions containing language of which we disapproved. See Childress, 848 N.E.2d at 1077 n.2.

[3] See Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004) ("A plea agreement where the issue of sentencing is left to the trial court's discretion is often referred to as an 'open plea.").

[4] We acknowledge that under the terms of the plea agreement the trial court had discretion to determine where Hole would serve his sentence – a community corrections program or the Department of Correction. As such, this discretionary placement is also subject to Rule 7(B) review. But Hole makes no claim in this regard.

sentence for which he bargained. Except for the location where his sentence is to be served, which Hole does not challenge, his sentence is not available for Rule 7(B) review.

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.