## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2015, 8:12 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Luisa M. White
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Austin M. Ferguson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 25, 2015 <br><br> Court of Appeals Case No. 34A02-1506-CR-589 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable George A. Hopkins, Judge <br><br> Trial Court Cause Nos. 34D04-1404-FC-59 34D04-1405-FB-70 |

**Bailey, Judge.**

# Case Summary

[1] Austin M. Ferguson ("Ferguson") pleaded guilty to Receiving Stolen Property, as a Class D felony;[1] Burglary, as a Class C felony;[2] Aiding, Inducing or Causing Burglary, as a Class B felony;[3] and Aiding, Inducing or Causing Burglary, as a Class C felony.[4] Pursuant to the plea agreement, he was sentenced to a specific term of years on each count. The agreement also left to the trial court's discretion the limited issue of where the executed portion of Ferguson's sentence on one of the convictions would be served. On appeal, he presents the sole issue of whether the trial court's sentencing order was inappropriate. We affirm.

# Facts and Procedural History

[2] On April 11, 2014, Ferguson and twin his brother, Andrew, drove to Doc's Detail Shop in Kokomo, where Andrew broke in through a window and let Ferguson in through a door. Ferguson took a digital camera and some change. Andrew also broke into a neighboring building that housed a separate business, Doc's Pool Shed, while Ferguson waited outside. On April 10, 2014, Ferguson

---

[1] Ind. Code § 35-43-4-2(b). Throughout this opinion, we refer to the versions of the Indiana statutes in effect at the time of Ferguson's offenses.

[2] I.C. § 35-43-2-1.

[3] I.C. §§ 35-43-2-1(1) & 35-41-2-4.

[4] I.C. §§ 35-43-2-1 & 35-41-2-4.

and Andrew drove to Clayton Fisher's apartment in Kokomo, where Ferguson boosted Andrew up to the apartment's balcony. Andrew broke the glass balcony door, entered the apartment, and let Ferguson in through the front door. The brothers took two guns and a plasma TV. On December 3, 2013, the twins drove to the home of R. Wesley Miller ("Miller"), also in Kokomo. Ferguson stayed outside while Andrew broke a window, entered the home, and stole three guns and two safes containing jewelry, documents, and a total of $10,500. On April 2, 2014, Ferguson and Andrew drove to Mac's Market in Kokomo, where Ferguson acted as a lookout while Andrew entered the building through a drive-through window and stole several lottery tickets.

[3] For his role in burglarizing Doc's Detail Shop and Doc's Pool Shed, Ferguson was charged in trial court cause number 34D04-1404-FC-59 ("FC-59") with two counts of Burglary, as Class C felonies; Receiving Stolen Property, as a Class D felony ("Count 3"); and Conspiracy to Commit Burglary, as a Class C felony. For his role in the Fisher, Miller, and Mac's Market burglaries, Ferguson was charged under trial court cause number 34D04-1405-FB-70 ("FB-70") with Burglary, as a Class B felony ("Count 1"); two counts of Conspiracy to Commit Burglary, as Class B felonies; two counts of Receiving Stolen Property, as Class D felonies; Aiding, Inducing or Causing Burglary, as a Class B felony ("Count 5"); Aiding, Inducing or Causing Burglary, as a Class C felony ("Count 7"); and Conspiracy to Commit Burglary, as a Class C felony.

[4] Cause numbers FC-59, FB-70, and a third case (cause number 34D04-1412-F5-161) were disposed of in a single plea agreement filed March 13, 2015. In FC-

59, Ferguson agreed to plead guilty to Count 3 and to serve a term of eighteen months in the Indiana Department of Correction ("DOC"). In FB-70, Ferguson agreed to plead guilty to Count 1 (as a Class C felony), Count 5, and Count 7. On Counts 1 and 7, he agreed to serve for each offense a sentence of four years executed in the DOC. On Count 5, he agreed to serve a ten-year sentence, with eight years executed and two years of supervised probation. The agreement also provided that "[t]he parties may present evidence and argument regarding how the executed portion of the sentence [on Count 5] shall be served including but not limited to Community Corrections In-Home Detention." (App. 42.) The sentences in FB-70 were to run concurrently, but consecutively to the sentence in FC-59. In exchange, the State agreed to dismiss all remaining counts in the three cases. Restitution was to be determined by the trial court.

[5] On May 8, 2015, the trial court accepted the agreement and entered judgment of conviction. The court also heard evidence and argument on where Ferguson's executed sentence on Count 5 should be served. Ferguson requested that at least some portion of his sentence be served on home detention so that he could obtain employment and pay restitution, which he would not be able to do while incarcerated. At the conclusion of the hearing, the court sentenced Ferguson according to the agreement's terms and ordered that all eight years executed in Count 5 be served in the DOC. The court also ordered that Ferguson pay his pro rata share of $13,535.70 ($6,767.85) in restitution to Miller.

[6] In this consolidated appeal, Ferguson appeals the trial court's sentencing order.

# Discussion and Decision

[7] Article 7, Section 6 of the Indiana Constitution grants this Court authority to independently review and revise a sentence imposed by the trial court. To implement this grant of authority, Indiana Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The analysis is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Id.*

[8] On appeal, Ferguson contends that factors such as the non-violent nature of his offenses, his limited criminal history, his ongoing drug addiction problems, and his young age are mitigating and thus should reduce his sentence. He argues that "[i]f the [trial] court had correctly taken into consideration [his] character, the fact that he pled guilty, the nature of the crime and the necessity to pay restitution as soon as possible, the court would have imposed a more lenient sentence and would have allowed [him] to serve on Home-Detention." (Appellant's Br. 4.) He therefore "requests re-sentencing" (Appellant's Br. 4) and asks that this Court "reverse and remand the sentencing of the trial court with instructions to reconsider [his] 16 year sentence and take into consideration the mitigating factors presented in this appeal." (Appellant's Br.

8.)[5]  He thus seems to argue that both his overall sentence and his placement in the DOC were inappropriate.

[9]  If the trial court accepts the parties' agreement to a plea calling for a specific term of years, the court has no discretion to impose anything other than the precise sentence upon which they agreed.  *Childress v. State*, 848 N.E.2d 1073, 1078-79 n.4 (citing *Badger v. State*, 637 N.E.2d 800, 802 (Ind.1994) ("[I]f the court accepts the agreement, it becomes bound by the terms of the agreement."); *Blackburn v. State*, 493 N.E.2d 437, 439 (Ind.1986) ("Although not a party to the agreement, once the court accepts a plea agreement, it is bound by the terms of that agreement.")).  Only if the trial court exercises discretion in imposing a sentence may a convicted person contest on appeal the merits of that discretion on the grounds that the sentence is inappropriate.  *Hole v. State*, 851 N.E.2d 302, 304 (Ind. 2006) (citing *Childress*, 848 N.E.2d at 1078-80).

[10]  Here, the trial court sentenced Ferguson to the fixed terms stated in the plea agreement.  Because Ferguson received the precise length of sentence for which he bargained, the length of his sentence is not available for Rule 7(B) review.  *See id*.  To the extent he argues that this Court should reduce his sentence, we have no authority to do so.

[11]  However, the plea agreement did leave to the trial court's discretion the limited issue of *where* Ferguson would serve the executed portion of his sentence on

---

[5] We note that Ferguson received an aggregate sentence of eleven-and-a-half years, not sixteen.

Count 5 in FB-70. The place where a convicted person's sentence is to be served is an appropriate focus for application of our review and revise authority. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007) (citing *Hole*, 851 N.E.2d at 304 n.4); *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Nevertheless, it is quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. *King*, 894 N.E.2d at 267 (citing *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007)). "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Id.* at 268. And as a practical matter, trial courts better know the feasibility of alternative placements in particular counties or communities. *Id.*

[12] Ferguson argues generally that factors such as his guilty plea, limited criminal history, ongoing addiction problems, young age, and the non-violent nature of his offenses militate toward a more lenient sentence. The only argument Ferguson advances bearing directly on the appropriateness of the *location* of his sentence is that if he were placed on home detention rather than serving time in the DOC, "he could work toward paying the restitution." (Appellant's Br. 6.) By simply arguing that placement on home detention would be more appropriate, Ferguson has failed to show that his placement in the DOC is inappropriate. While the court-ordered time in the DOC will likely delay his victim's receipt of restitution, Ferguson does not argue that the additional DOC time will prevent him from making restitution entirely.

Furthermore, while Ferguson's prior criminal history is minimal, he has previously been sentenced to alternative placements without success. As a juvenile, he was adjudicated a delinquent for conduct that constituted Resisting Law Enforcement, as a Class A misdemeanor, if committed by an adult. He was placed on supervised probation, but violated his probation and was placed in secure detention. As an adult, he was charged with Possession of Marijuana, as a Class A misdemeanor. His participation in a pretrial diversion program was terminated, however, after the charges in this case were filed. In light of these past unsuccessful alternative placements, the trial court's order that Ferguson serve his executed time in the DOC, rather than on home detention, was not inappropriate.

Affirmed.

Baker, J., and Mathias, J., concur.