## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 29 2016, 9:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lance M. McGee,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 29, 2016

Court of Appeals Case No.
18A04-1512-CR-2270

Appeal from the Delaware Circuit Court

The Honorable Marianne L. Vorhees, Judge

Trial Court Cause No.
18C01-1304-FA-8

**Bailey, Judge.**

# Case Summary

[1] Lance M. McGee ("McGee") entered into a written plea agreement in which he pled guilty to Dealing Cocaine as a Class B felony,[1] and was sentenced to eight years, six years executed in the Department of Correction ("DOC"), and two years suspended to probation. McGee appeals his placement within the DOC and the length of his sentence. We affirm.

# Facts and Procedural History

[2] On August 8 and 13, 2012, McGee knowingly delivered cocaine in various amounts to two residential areas in Muncie. (App. 20-24) On April 1, 2013, McGee was arrested. On April 8, 2013, he was charged with two counts of Dealing Cocaine as Class A felonies,[2] one count of Possession of Cocaine as a Class B felony,[3] and one count of Possession of Marijuana, a Class A misdemeanor.[4]

[3] On February 9, 2015, McGee pled guilty to Dealing Cocaine as a Class B felony pursuant to a plea agreement. The other three charges were dropped, as

---

[1] Ind. Code § 35-48-4-1(a). We refer at all times to the version of the statutes in effect at the time of McGee's offense. Under the current version of this statute, this offense is considered a Level 5 felony.

[2] I.C. § 35-48-4-1(a)(1) & (b)(3). The charge was raised to a Class A felony because McGee allegedly delivered cocaine within 1000 feet of a family housing complex.

[3] I.C. § 35-48-4-6(a) and (b)(2).

[4] I.C. § 35-48-4-11(1). The prosecutor's office also filed a Notice of Intent to Seek Enhanced Penalty Based upon Prior Conviction, based upon a prior conviction for possession of marijuana, which would have elevated this charge to a Class D felony.

were all charges under Cause No. 18C01-1304-FD-83. (App. at 122) After being advised of his rights in court, McGee agreed to an eight year sentence, six years executed, and two years suspended. (App. at 123) The placement of the sentence, however, was left to be argued before the court. (App. at 23) Upon McGee's plea, the court took the plea agreement under advisement pending a Pre-Sentence Investigation ("PSI"). (Tr. at 8) McGee's sentencing hearing was scheduled for March 30, 2015.

[4] McGee failed to report to the probation officer for his PSI interview, scheduled for March 10, 2015. (App. at 113) McGee also failed to appear at his sentencing hearing. On April 14, 2015, the court issued a warrant for McGee's arrest for failure to appear. (App. at 114) McGee was arrested on October 7, 2015.

[5] On November 23, 2015, the court held McGee's sentencing hearing. When he was questioned about why he missed the hearing, McGee stated he was scheduled for an initial hearing in the same court on the same day for a new case. (Tr. at 25) McGee stated he failed to appear at the sentencing hearing because he was afraid his bond would be revoked. (Tr. at 25) Also, the court was advised by counsel and McGee that they had no comments to add to the PSI report. (Tr. at 12) The court clarified that the issue before the court was the placement of the sentence, as the plea agreement specifically defined the length of the sentence to be imposed. (Tr. at 22, 28) McGee affirmed that he knew that the court could place him in the DOC. (Tr. at 19) McGee argued

that he was a good candidate for electronic home detention, while the prosecution argued for placement in the DOC.

[6] The court found a number of aggravating factors. McGee was arrested after being released from jail on bond. (Tr. at 24) McGee failed to appear for his scheduled sentencing hearing, causing the court to issue a warrant. (Tr. at 24, 27, 28) Furthermore, the court found McGee had been adjudicated to be a juvenile delinquent, and had an lengthy adult criminal record, including convictions for Battery, Battery Resulting in Bodily Injury, and Possession of Marijuana, among others, as aggravating factors. As a mitigating factor, the court acknowledged his guilty plea. (Tr. at 27) The court gave no weight to McGee's claim that he was addicted to pain medication and desired treatment, reasoning that McGee could have sought out treatment when he was out of jail on bond. (Tr. at 27) Furthermore, the court noted the great cost of electronic home detention over the length of McGee's sentence. (Tr. at 28) For these reasons, the court determined McGee's sentence would be better served in the DOC, and sentenced him accordingly. This appeal followed.

# Discussion and Decision

[7] At the outset, we acknowledge that McGee draws attention to both the placement *and* the length of his sentence.[5] "Only if a trial court is exercising

[5] McGee also asserts that the court improperly considered charges in the PSI report for which McGee was not convicted; however, the court does not state that the charges were considered an aggravating factor in the sentencing statement. Furthermore, case law supports that even if the court *had* considered these dismissed

discretion in imposing a sentence may a defendant then contest on appeal the merits of that discretion on the grounds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Hole v. State*, 851 N.E.2d 302, 304 (Ind. 2006). When a trial court accepts a plea agreement that calls for a specific term of years, "it has no discretion to impose anything other than the precise sentence upon which [the parties] agreed." *Id.* (quoting *Childress v. State*, 848 N.E.2d 1073, 1078-79 (Ind. 2006)). The plea agreement in this case, once accepted, required the trial court to sentence McGee to an eight year sentence, with six years executed and two years suspended to supervised probation. The agreement left only McGee's placement to the discretion of the court, which is what we now consider.

[8] Under Indiana Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision," we find the sentence "inappropriate in light of the nature of the offense and the character of the offender." Review of the location where a sentence is to be served is an appropriate application of our authority under Appellate Rule 7(B). *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007); *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). However, such review is highly deferential to the trial court. *Conly v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. A defendant challenging the placement of a sentence must convince us that the placement is itself

---

charges, it would have been within the court's discretion to do so if not explicitly prohibited in the plea agreement. *Bethea v. State*, 983 N.E.2d 1134, 1144 (Ind. 2013).

inappropriate, not whether another placement is *more* appropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). As a practical matter, trial courts know the feasibility of alternative placements, such as electronic home detention. *King*, 894 N.E.2d at 268.

[9] McGee asserts that the trial court inappropriately ordered his sentence to be served in the DOC instead of electronic home detention; however, a review of the record leads us to a different conclusion. McGee failed to appear for his initial sentencing hearing, the "critical issue" in his placement determination, as described by the trial court. (Tr. at 25) Furthermore, McGee's juvenile adjudications and criminal history were aggravating factors. McGee also was arrested for a new offense while released on bond in the present case. The court found one mitigating factor: McGee's guilty plea. Furthermore, the court stated that McGee's addiction to pain medication was not a mitigating factor, as McGee had opportunity to seek treatment while he was released on bond. The court also noted the significant cost of electronic home detention for the duration of McGee's sentence. McGee advanced other factors, such as his readiness for electronic home detention, without citing authority that would compel the trial court to consider such factors in mitigation. Because we conclude that McGee's placement in the DOC was not inappropriate, we affirm.

[10] Affirmed.

Riley, J., and Barnes, J., concur.