# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2016, 11:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam C. James
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew Lamont Swanson, *Appellant-Defendant,* | November 15, 2016 |
| v. | Court of Appeals Case No. 73A01-1604-CR-967 |
| | Appeal from the Shelby Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Chris D. Monroe, Senior Judge |
| | Trial Court Cause No. 73D02-1603-F6-116 |

**Najam, Judge.**

## Statement of the Case

Andrew Lamont Swanson appeals his sentence following his convictions for identity deception, as a Level 6 felony, and driving while license suspended, as a Class A misdemeanor, pursuant to a guilty plea. Swanson presents two issues for our review, namely, whether his sentence and placement in the Department of Correction ("DOC") are inappropriate in light of the nature of the offenses and his character. We hold that, because Swanson agreed to a two-year executed sentence in the DOC as part of his plea agreement, Swanson may not challenge the appropriateness of his sentence or his placement in this direct appeal. We affirm.

## Facts and Procedural History

On March 28, 2016, in open court, Swanson pleaded guilty to identity deception, as a Level 6 felony, and driving while license suspended, as a Class A misdemeanor.[1] In exchange for that plea, the State agreed to an aggregate sentence of two years executed in the DOC, and the State granted Swanson "immunity from a further perjury charge." Appellant's Br. at 13. Swanson agreed to those terms, and the trial court entered judgment of conviction and sentence accordingly. This appeal ensued.

---

[1] A third charge for false informing was dismissed.

# Discussion and Decision

[3] Swanson contends that his sentence is inappropriate in light of the nature of the offenses and his character. However, as our supreme court has held, where a plea agreement includes a defendant's agreement to a specific sentence, such defendant may not challenge the sentence by means of a timely or belated direct appeal. *Sholes v. State*, 878 N.E.2d 1232, 1235 (Ind. 2008). Again, here, in open court, the State offered Swanson a plea agreement whereby he would be sentenced to "two years executed at the [DOC]," and Swanson agreed. Tr. at 7. Further, the trial court expressly advised Swanson that "when you accept a plea offer . . . for a specific executed sentence, you also give up the right to appeal the sentence itself." *Id.* at 15. The trial court asked Swanson whether he understood that, and Swanson stated that he did. Swanson accepted the plea agreement, including the two-year executed sentence in the DOC, and, therefore, "his sentence is not available for Rule 7(B) review." *Hole v. State*, 851 N.E.2d 302, 304 (Ind. 2006).[2]

[4] Finally, Swanson is also precluded from challenging "his placement at the Indiana Department of Correction [as] inappropriate in light of the nature of the offense and his character." Appellant's Br. at 10. Again, the plea

---

[2] We note that the written sentencing order indicates that Swanson's plea was "open." Appellant's App. at 13. However, because the transcript unambiguously shows that Swanson's plea agreement was closed in that it provided for an executed two-year sentence in the DOC, the notation in the written sentencing statement is an error. *See McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007) (holding that, "[r]ather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court. This Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing.").

agreement here specified Swanson's placement at the DOC.  Tr. at 7. Accordingly, his placement was not subject to the trial court's discretion, and the issue is not available on direct appeal.  *See Hole*, 851 N.E.2d at 304 n.4 (noting that placement is subject to Appellate Rule 7(B) review where plea agreement gives trial court discretion to sentence defendant to community corrections program or the Department of Correction).

[5]     Affirmed.


Vaidik, C.J., and Baker, J., concur.