## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2018, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Hoke,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | July 31, 2018<br><br>Court of Appeals Case No.<br>18A-CR-500<br><br>Appeal from the Montgomery<br>Superior Court<br><br>The Honorable Heather Barajas,<br>Judge<br><br>Trial Court Cause No.<br>54D01-1708-F6-2312 |

**Brown, Judge.**

[1] Donald Hoke appeals his sentence for identity deception as a level 6 felony, possession of methamphetamine as a level 6 felony, and for being an habitual offender. Hoke raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## Facts and Procedural History

[2] On August 8, 2017, Hoke knowingly obtained, possessed, transferred, or used the identifying information of Richard Hoke without his consent to assume the other person's identity and/or profess to be another person. That same day, Hoke knowingly possessed pure or adulterated methamphetamine without a prescription or order of a practitioner acting in the scope of his professional practice.

[3] On August 14, 2017, the State charged Hoke with: Count I, identity deception as a level 6 felony; Count II, resisting law enforcement as a level 6 felony; Count III, possession of methamphetamine as a level 6 felony; Count IV, possession of marijuana as a class B misdemeanor; and Count V, operating when never licensed as a class C misdemeanor. The State also alleged that Hoke was an habitual offender.

[4] On February 19, 2018, the parties filed a "Recommendation of Plea Agreement" in which Hoke agreed to plead guilty to Count I, identity deception as a level 6 felony, and Count II, resisting law enforcement as a level

6 felony, and admit to being an habitual offender. The State agreed to dismiss the remaining counts. The document states:

> Agreement as to sentence: Count I: Two (2) years in the Indiana Department of Corrections suspended to two (2) years formal probation. Count II: Two (2) years in the Indiana Department of Corrections executed. Habitual Offender Affidavit: Two (2) years in the Indiana Department of Corrections executed. Sentences to run consecutive to one another.

Appellant's Appendix Volume II at 13.

[5] On March 6, 2018, the court held a hearing at which it advised Hoke of his rights. The court informed him that the agreement on sentencing is that he would receive two years in the Department of Correction for Count I suspended to two years of formal probation, two years executed for Count II, two years for the habitual offender, and that the sentences would run consecutive to one another. During the hearing, the parties agreed to change the plea agreement to substitute Count III, possession of methamphetamine as a level 6 felony, as the charge to which Hoke was pleading guilty instead of Count II, resisting law enforcement as a level 6 felony. Hoke pled guilty pursuant to the amended plea agreement. The court accepted the plea agreement and entered judgment accordingly.

[6] The court then turned to sentencing. On direct examination, Hoke's counsel asked him what steps he had taken to attempt to address any issues he has in his life with following the law, and Hoke testified that he tried "to get on at a rehab, which I was accepted at the House of Hope in Brazil, but I was told I

couldn't go there, I guess." Transcript Volume II at 19. He testified that "as soon as my wife died I've gotten into drugs and it's not a way to go." *Id.* He also stated: "Now, I realize that I do and I'm still going to go to rehab even when I get out of prison and if the Court has to sentence me to the rest of the five months that I have left to do, I'd like to do it in DOC, not in this county because I definitely want to get out of this city and out of this county and never ever to return here again." *Id.* The court later questioned Hoke about his mention of five months and asked if he understood that he was pleading to four years of executed time and he would have two actual years to serve. Hoke answered: "No. I was told I had seven months to do and I've already done seven months as of yesterday and I've got five more months to do. That's what I was told. And then two years probation." *Id.* at 21. The following exchange then occurred:

> THE COURT: Well, when I read to you the terms of your plea, did you understand them? You told me that you did.
>
> [Hoke]: Consecutive means run together, right?
>
> THE COURT: No, that's concurrent.
>
> [Hoke]: What did you tell me when I signed the plea bargain?
>
> [Hoke's Counsel]: That you had two years on one charge, two years on the next charge, to run –
>
> [Hoke]: And I had five months to do.
>
> [Hoke's Counsel]: No. They were going to run consecutive. They were subject to Class A credit. Each term was going to have one year, actual.

> [Hoke]: No. No. I'd rather have a different lawyer. Let's stop this right now. If I can't get rehab and nothing like that, then no. We'll just take it to a jury trial.

*Id.* at 21. The court explained to Hoke that he had already pled guilty and it had found that he understood the terms of his plea and the possible penalties.

[7] The court sentenced Hoke to two years suspended to probation for Count I, identity deception as a level 6 felony, two years executed for Count III, possession of methamphetamine as a level 6 felony, and two years for being an habitual offender and attached the habitual offender enhancement to Count III. The court ordered that the sentences shall run consecutive to each other and that Counts II, IV, and V be dismissed.

## *Discussion*

[8] The issue is whether Hoke's aggregate sentence is inappropriate in light of the nature of the offense and his character. Hoke argues that his wife died prior to his resumption of drug use and that he wanted to obtain counseling. The State argues that he waived his right to appeal his sentence because he pled guilty with a plea agreement that fixed his sentence.

[9] The Indiana Supreme Court has held that, "[w]hen a defendant pleads guilty and agrees to a specific sentence, he waives his right to challenge the propriety of his sentence." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008) (citing *Hole v. State*, 851 N.E.2d 302, 304 (Ind. 2006)).

[10] Here, the plea agreement provided that the parties agreed to a specific sentence. Hoke received the sentence for which he bargained. Accordingly, his sentence is not available for review under Ind. Appellate Rule 7(B). *See Hole*, 851 N.E.2d at 304 ("The parties agreed that Hole would serve a 'ten (10) year sentence.' And Hole received the precise sentence for which he bargained. Except for the location where his sentence is to be served, which Hole does not challenge, his sentence is not available for Rule 7(B) review.") (citation omitted).[1]

[11] Even assuming that Hoke may assert that his sentence is inappropriate, we cannot say reversal is warranted. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] Our review of the nature of the offenses reveals that Hoke knowingly obtained, possessed, transferred, or used the identifying information of Richard Hoke without his consent to assume the other person's identity and/or profess to be another person. That same day, Hoke knowingly possessed pure or adulterated

---

[1] Hoke notes that he stated he was not advised his sentence would be as long as it was and that "[a]ny challenge he would make as to that understanding would more properly be raised in post-conviction relief as an inadequate record was made for such a claim." Appellant's Brief at 11.

methamphetamine without a prescription or order of a practitioner acting in the scope of his professional practice.

[13] Our review of the character of the offender reveals that Hoke pled guilty and the State dismissed Count II, resisting law enforcement as a level 6 felony, Count IV, possession of marijuana as a class B misdemeanor; and Count V, operating when never licensed as a class C misdemeanor. Hoke was convicted of resisting law enforcement as a class A misdemeanor in 1990; two counts of operating while intoxicated while endangering a person and battery resulting in bodily injury as class A misdemeanors in 1991; two counts of operating while intoxicated while endangering a person in 1992; and resisting law enforcement as a class A misdemeanor and theft as a class D felony in 2013.

[14] After due consideration, we conclude that Hoke has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offenses and his character.

## Conclusion

[15] For the foregoing reasons, we affirm Hoke's sentence.

[16] Affirmed.

Riley, J., and Altice, J., concur.