## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2019, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Mark Corey Taylor
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark Corey Taylor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 16, 2019

Court of Appeals Case No.
18A-CR-2365

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

Trial Court Cause No.
49G03-1311-FA-71200

**Altice, Judge.**

**Case Summary**

[1] Mark Corey Taylor, pro se, appeals from the trial court's denial of his request to file a belated notice of appeal from the trial court's denial of his motion to correct erroneous sentence.

[2] We affirm.

## Facts & Procedural History

[3] On July 21, 2014, Taylor pled guilty pursuant to a plea agreement to one count of child molesting as a Class A felony and one count of sexual misconduct with a minor as a Class B felony and admitted to being a habitual offender. In exchange for his plea, the State dismissed nine other charges relating to sex offenses against children and all charges under a separate cause. The plea agreement also provided that the "[t]otal sentence shall be fifty (50) years executed in the Department of Corrections [sic]." *Appellant's Appendix Vol. 2* at 17.

[4] The trial court found that Taylor "understands his rights and knowingly and voluntarily waives his rights" and thereafter accepted the plea agreement and entered a judgment of conviction in accordance with the terms of the plea agreement. *Id.* at 9. The trial court held a sentencing hearing on August 13, 2014, and sentenced Taylor to concurrent terms of twenty years executed on the Class A felony conviction and ten years on the Class B felony conviction. The court enhanced the Class A felony sentence by thirty years based on Taylor's status as a habitual offender, for an aggregate sentence of fifty years executed.

[5] On July 2, 2018, Taylor, pro se, filed a motion to correct erroneous sentence claiming that his habitual offender enhancement was improper because it was based on two Class D felonies. On July 5, 2018, the trial court denied Taylor's motion. Taylor filed a request to file a belated notice of appeal on September 5, 2018, which motion the trial court denied. Taylor appealed this denial with this court on September 25, 2018. *See* Ind. Post-Conviction Rule 2(1)(e) ("An order granting or denying permission to file a belated notice of appeal is a Final Judgment for purposes of Ind. Appellate Rule 5"). This court denied the State's motion to dismiss the appeal and the State timely filed its appellee's brief.[1]

## Discussion & Decision

[6] For purposes of this appeal, we will assume, without deciding, that Taylor should have been permitted to file a belated notice of appeal from the denial of his motion to correct erroneous sentence. We therefore turn to the merits of Taylor's claim.

---

[1] The State filed its appellee's brief on February 25, 2019. On March 25, 2019, Taylor filed a "Motion for Order of Default – Waiver of Opportunity to File Reply Brief" asserting that the State had not timely filed its appellee's brief. A review of this court's docket showed that the appellee's brief was timely filed, and thus, this court denied Taylor's motion on April 1, 2019. This matter was deemed fully briefed and transmitted to this court on April 3, 2019, after Taylor did not file a reply brief within the allotted timeframe for doing so.

On April 8, 2019, Taylor sent a letter requesting that he be provided with a copy of the State's brief. The Clerk of the Courts notified Taylor that such request must be made through a motion. Taylor has since filed two motions to compel with this court claiming he never received the appellee's brief filed herein and requesting that this court compel the State to serve him with such. Taylor asserts that he was denied his opportunity to file a reply brief. We have denied both of Taylor's motions to compel as our court docket shows that the State certified that it served Taylor with a copy of its appellee's brief "by United States mail postage prepaid" to Taylor's provided address. This court, however, did provide Taylor with a copy of the chronological case summary for the instant appeal as requested in his first motion to compel.

[7]     Taylor challenges the trial court's denial of his motion to correct erroneous sentence. Our Supreme Court has held that

> a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after a trial may not be presented by way of a motion to correct sentence.

*Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Indeed, the Court has "repeatedly cautioned" that a motion to correct erroneous sentence is an available remedy only when a sentence is erroneous on its face, and such motion must be "narrowly confined" and "strictly applied" to claims apparent from the face of the sentencing judgment. *Id.* at 787-88. "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.*

[8]     Here, in his motion to correct erroneous sentence, Taylor argued that his habitual offender enhancement was erroneous because the predicate felonies did not support his status as a habitual offender. Such a claim is clearly beyond the purview of a motion to correct erroneous sentence as it requires consideration of matters outside the face of the sentencing judgment. In short, a habitual offender determination does not meet the "erroneous on its face"

standard. *See id.* Because Taylor's claim was improperly raised by a motion to correct erroneous sentence, the trial court did not err in denying his motion.[2]

[9] Judgment affirmed.

Kirsch, J. and Vaidik, C.J., concur.

---

[2] We further note that as part of his plea agreement with the State, Taylor agreed to a fifty-year sentence and waived his right to challenge the sentence imposed if it fell within the terms of the plea agreement. The trial court sentenced him within such parameters. Taylor has waived his right to challenge the propriety of his sentence. *See Hole v. State*, 851 N.E.2d 302, 304 (Ind. 2006).