## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Chad Montgomery
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott Kerssemakers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 31, 2020

Court of Appeals Case No.
20A-CR-590

Appeal from the Tippecanoe
Circuit Court

The Honorable Sean Persin, Judge

Trial Court Cause No.
79C01-1808-F3-23, 79C01-1808-
F5-150, & 79C01-1903-F5-33

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Scott Kerssemakers (Kerssemakers), appeals his sentence following his guilty plea under three separate cause numbers for resisting law enforcement, a Level 6 felony; possession of cocaine, a Level 3 felony; possession of cocaine, a Level 5 felony; operating a vehicle with a schedule I or II controlled substance, a Class C misdemeanor; and possession of methamphetamine, a Level 5 felony.

We affirm.

# ISSUE

Kerssemakers presents one issue on appeal, which we restate as: Whether Kerssemakers' sentence is inappropriate in light of the nature of the offenses and his character.

# FACTS AND PROCEDURAL HISTORY

On May 3, 2018, an Indiana State Trooper observed Kerssemakers drive a motorcycle at 94 mph in a 60 mph zone while passing two INDOT vehicles that were on the side of the road with their yellow lights flashing. The State Trooper stopped Kerssemakers and discovered that his driving privileges had been suspended. A search of the motorcycle revealed a backpack in the saddle bag, containing a glass pipe with brown residue and two containers. Kerssemakers admitted that the containers contained marijuana and cocaine. On August 13, 2018, the State filed an Information, charging Kerssemakers with Count I, Level 6 felony possession of cocaine; Count II, Class B

misdemeanor possession of marijuana; Count III, Class C misdemeanor possession of paraphernalia; Count IV, Class C misdemeanor reckless driving; Count V, Level 5 felony possession of cocaine; and Count VI, Class C misdemeanor possession of marijuana under Cause number 79C01-1808-F5-150 (Cause F5-150).

[5] On June 6, 2018, an Indiana State Trooper noticed Kerssemakers drive his motorcycle in a lane closed to traffic. When the State Trooper attempted to make a traffic stop, Kerssemakers continued for several miles before stopping. During the traffic stop, the State Trooper discovered that Kerssemakers' driving privileges were suspended. The subsequent search revealed a zip lock bag with two baggies containing cocaine, as well as a glass pipe with plant residue and a container with plant residue material believed to be marijuana. On August 9, 2018, the State filed an Information, charging Kerssemakers with Count I, Level 6 felony possession of cocaine; Count II, Class B misdemeanor possession of marijuana; Count III, Class C misdemeanor possession of paraphernalia; Count IV, Level 6 felony resisting law enforcement; Count V, Class A misdemeanor driving while suspended; Count VI, Level 3 felony possession of cocaine; Count VII, Class A misdemeanor possession of marijuana; and an habitual offender enhancement under Cause number 79C01-1808-F3-23 (Cause F3-23).

[6] On January 27, 2019, a State Trooper observed Kerssemakers drive a SUV while speeding and failing to signal before a lane change. During the traffic stop, the State Trooper detected the odor of marijuana and alcohol emanating

from the vehicle and noticed marijuana in plain sight. A search further revealed a glass pipe with marijuana, two hydrocodone and/or acetaminophen pills, and methamphetamine. The results of a blood draw indicated the presence of THC, cocaine, benzoylecgonine, methamphetamine, and amphetamine in Kerssemakers' blood. On March 18, 1019, the State filed an Information, charging Kerssemakers with Count I, Level 6 felony possession of a narcotic drug; Count II, Level 6 felony possession of methamphetamine; Count III, Class A misdemeanor possession of a controlled substance; Count IV, Class B misdemeanor possession of marijuana; Count V, Class C misdemeanor possession of paraphernalia; Count VI, Class C misdemeanor operating a vehicle while intoxicated; Count VII, Class C misdemeanor operating a vehicle with a schedule I or II controlled substance or its metabolite in the body; Count VIII, Class A misdemeanor possession of marijuana; Count IX, Level 5 felony possession of a narcotic drug; and Count X, Level 5 felony possession of methamphetamine under Cause number 79C01-1903-F5-33 (Cause F5-33).

[7]     On November 1, 2019, Kerssemakers pled guilty to Count IV and Count VI under Cause F3-23; Count V under Cause F5-150; and Counts VII and X under Cause F5-33. On February 10, 2020, the trial court conducted a sentencing on Kerssemakers' plea agreement. Under Cause F3-23, Kerssemakers was sentenced to two years on Count IV and ten years on Count VI to run consecutively, with ten years executed and two years on community corrections; under F5-150, Kerssemakers was sentenced to five years with two years in community corrections and three years suspended to probation; and

under F5-33, Kerssemakers was sentenced to sixty days under Count VII and five years suspended on Count X, with sentences to run concurrently. As such, Kerssemakers was sentenced to an aggregate sentence of twenty-two years with ten years executed in the Department of Correction DOC), four years in community corrections, and eight years suspended to probation.

[8] Kerssemakers now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[9] Kerssemakers requests that we independently review the appropriateness of his sentence. "Even when a trial court imposes a sentence within its discretion, the Indiana Constitution authorizes independent appellate review and revision of this sentencing decision." *Hoak v. State*, 113 N.E.3d 1209, 1209 (Ind. 2019). Thus, we may alter a sentence if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id.* The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant bears the burden to persuade the reviewing court that the sentence imposed is inappropriate. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018).

[10] Within the framework of the sentencing review, Kerssemakers contends that the trial court abused its discretion when it failed to place him in the Recovery while Incarcerated program, which is part of purposeful incarceration. In *Miller v. State*, 105 N.E.3d 194, 196 (Ind. Ct. App. 2018), we recognized that "the

place that a sentence is to be served is an appropriate focus for application of our review and revise authority." *Id*. (citing *Hole v. State*, 851 N.E.2d 302, 304 (Ind. 2006) (discretionary placement is subject to Appellate Rule 7(B) review). However, as in *Miller*, Kerssemakers does not challenge the location of his incarceration but rather the failure to be recommended for a program in which he believes he is entitled to participate. *See id*. The trial court's role in relation to purposeful incarceration is to identify which defendants should be flagged as individuals most likely to benefit from placement in the program. *Id*. Entry into the program is left to the discretion of the DOC; defendants do not have a right to placement in a program, and trial courts themselves have no authority to require the DOC to place a particular defendant into a program. *Id*.; *see also Cohn v. Strawhorn*, 721 N.E.2d 342, 348-49 (Ind. Ct. App. 1999) (finding that Indiana law does not create "a statutory entitlement to educational programming for all, every, any, or each person committed to the DOC" and it "is absurd to conclude that the General Assembly could have intended that all DOC inmates be entitled to substance abuse treatment regardless of whether they in fact suffer from substance abuse.") Thus, Kerssemakers' argument fails as the appropriateness of his placement within a particular program is not an issue subject to this court's review. *See id*. at 197.

[11] Even reviewing Kerssemakers' sentence within an appropriateness of a sentence analysis, his argument is without merit. Kerssemakers entered into a plea agreement encompassing three different Causes, with each Cause including at least six different charges. Pursuant to the terms of the plea, Kerssemakers only

pled guilty to five out of twenty-four charges, with the trial court imposing an aggregate sentence of twenty-two years with ten years executed in the DOC, four years in community corrections, and eight years suspended to probation.

[12] With respect to the nature of the crime, we do not turn a blind eye to the "facts of the incident that brought the defendant before" us or the "nature and circumstances of the crime as well as the manner in which the crime is committed." *Bethea v. State*, 893 N.E.2d 1134, 1145 (Ind. 2013). Each Cause commenced with a traffic stop due to speeding, while Kerssemakers' driving privileges had been suspended. In each Cause, the State Trooper then invariably located evidence of illegal substances and paraphernalia. Kerssemakers committed felony after felony with the knowledge that he had charges in other cases.

[13] Likewise, Kerssemakers' character does not warrant a downward revision of his sentence. A defendant's willingness to continue committing crimes is relevant for analysis of his character under Appellate Rule 7(B). *Garcia v. State*, 47 N.E. 3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. Independent of the current conviction, Kerssemakers' criminal involvement includes two juvenile delinquency adjudications, fourteen prior misdemeanor convictions, and five prior felony convictions. He violated his probation at least four times.

[14] Besides his criminal history, Kerssemakers' character clearly speaks to his disregard for the criminal justice system. It cannot be ignored that Kerssemakers drove a vehicle at high speed while his driving privileges were

suspended, and while in possession of illegal drugs and paraphernalia. Accordingly, in light of the nature of the offense and Kerssemakers' character, we cannot conclude that the imposed sentence is inappropriate.

# CONCLUSION

Based on the foregoing, we hold that Kerssemakers' sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

May, J. and Altice, J. concur