

FILED

Jun 14 2018, 6:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher J. Miller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 14, 2018

Court of Appeals Case No.
18A-CR-85

Appeal from the Marshall Superior
Court

The Honorable Robert O. Bowen,
Judge

Trial Court Cause No.
50D01-1607-F3-24

**Altice, Judge.**

## Case Summary

[1] Following a bench trial, Christopher Miller was convicted of Level 5 felony domestic battery resulting in serious bodily injury and sentenced to six years in prison. On appeal, Miller argues that his sentence is inappropriate because the

trial court did not recommend purposeful incarceration at the Indiana Department of Correction (DOC).

[2] We affirm.

## Facts & Procedural History

[3] On July 21, 2017, Christopher Miller resided with his 72-year-old father, Lawrence, in Marshall County, Indiana. Miller arrived home around 6:30 p.m., and Lawrence observed that Miller was intoxicated. Miller fixed something to eat and then went downstairs. He eventually ventured back upstairs and asked his father where the keys to his father's vehicle were located. When Lawrence replied he did not know, Miller became visibly unsettled. Miller then went back downstairs to look for the keys.

[4] Shortly thereafter, while Lawrence was standing at the kitchen sink, Miller came up behind Lawrence and threw him to the ground. The next thing Lawrence remembered was being on the ground with Miller on top of him, "choking" him. *Transcript Vol. II* at 23. Miller asked him, "do you want to live or die." *Id.* at 23. While Lawrence did not lose consciousness, he did have difficulty breathing. After the altercation, Lawrence left the house to seek help.

[5] Officers Jordan Rans and Travis Oneal of the Plymouth Police Department were dispatched. When the officers encountered Lawrence, Officer Rans observed that Lawrence had a laceration above his right eye and that the eye was swollen shut. He also had a bruised and swollen right hand, as well as a

ripped and bloodied shirt.  Lawrence advised the officers he had been attacked and strangled by Miller.  As a result of the battery, Lawrence suffered a fracture to his orbital socket that required surgery, a fracture to his hand, a laceration above his eye that required stiches, and contusions on his hand.

[6]  The State charged Miller with Level 3 felony aggravated battery and Level 5 felony domestic battery resulting in serious bodily injury.  The trial court found Miller guilty of the Level 5 felony.  The trial court sentenced him to the maximum term of six years executed in the DOC.  *See* Ind. Code § 35-59-2-6.  Miller now appeals.  Additional facts will be provided as necessary.

## Discussion & Decision

[7]   This court has the constitutional authority to revise a sentence authorized by statute if, "after due consideration of the trial court's decision," we find that the sentence imposed is inappropriate in light of the nature of the offense and the character of the offender.  *See* Ind. Appellate Rule 7(B).  The question under App. R. 7(B) is "not whether another sentence is more appropriate" but rather "whether the sentence imposed is inappropriate."  *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).  The burden is on the defendant to persuade the appellate court that his sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court."  *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

[8]  On appeal, Miller does not argue the length of his sentence is inappropriate in light of the nature of the offense or his character; rather, Miller simply argues

that his sentence is inappropriate based on the trial court's failure to recommend purposeful incarceration as a term of his sentence. We recognize, "the place that a sentence is to be served is an appropriate focus for application of our review and revise authority." *See Hoe v. State,* 851 N.E.2d 302, 304 n.4 (Ind. 2006) (discretionary placement is subject to Appellate Rule 7(B) review). In this case, however, Miller does not challenge the location of his incarceration but rather the failure to be recommended for a program in which he believes he is entitled to participate.

[9]   The trial court's role in relation to purposeful incarceration is to identify which defendants should be flagged as individuals most likely to benefit from placement in the program. Miller did not request such a recommendation, and even if considered, entry into the program is left to the discretion of the DOC. Defendants do not have a right to placement in a program, and trial courts themselves have no authority to require the DOC to place a particular defendant into a program. *See Cohn v. Strawhorn*, 721 N.E.2d 342, 348-49 (Ind. Ct. App. 1999) (finding that Indiana law does not create "a statutory entitlement to educational programming for all, every, any, or each person committed to the DOC" and it "is absurd to conclude that the General Assembly could have intended that all DOC inmates be entitled to substance abuse treatment regardless of whether they in fact suffer from substance abuse"). Thus, Miller's argument fails as the appropriateness of his placement within a particular program is not an issue subject to this court's review.

[10]   We affirm.

Najam, J. and Robb, J., concur.