## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2019, 8:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher D. McCoy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 22, 2019

Court of Appeals Case No.
18A-CR-2809

Appeal from the Clark Circuit Court

The Honorable Andrew Adams, Judge

Trial Court Cause No.
10C01-1505-FA-5

**Altice, Judge.**

## Case Summary

[1] Christopher D. McCoy pled guilty, pursuant to a plea agreement, to two counts of child molesting, one as a Class C felony (Count II) and one as a Level 4 felony (Count IV). This is McCoy's third appeal of his sentence, as the last two appeals resulted in remands for resentencing. *See McCoy v. State*, 96 N.E.3d 95 (Ind. Ct. App. 2018) (*McCoy I*) and *McCoy v. State*, No. 18A-CR-1022 (Ind. Ct. App. Sept. 19, 2018) (*McCoy II*). Following the most recent remand, the trial court ordered consecutive, executed sentences of eight years on Count II and twelve years on Count IV, with four of those years served on community corrections. In this appeal, McCoy argues that his twenty-year sentence is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] *McCoy II* set out the following facts:

> Toward the end of 2013, McCoy began molesting S.M., his ten-year-old adopted daughter. He fondled S.M.'s vagina and made her "clean" his penis in the shower by masturbating it until he ejaculated. At least twice McCoy partially penetrated S.M.'s vagina, once with his penis and another time with an item described as "blue rubber with several connected circles." He also touched the exterior of her vagina with a vibrator. These and other acts continued through January of 2015.

> The State charged McCoy … with four counts of child molesting, two committed before July 1, 2014 and two committed after June 30, 2014: Count I, a Class A felony; Count II, a Class C felony; Count III, a Level 1 felony; and Count IV, a Level 4 felony. In

> January of 2017, McCoy entered into an open plea agreement in which he agreed to plead guilty to Count II … and Count IV …, and, in exchange, the State agreed to dismiss Counts I and III.
>
> The trial court imposed an eight-year sentence on [Count II] and a twelve-year sentence on [Count IV] with four years to be served on Community Corrections. On direct review, we found that the trial court erroneously classified McCoy as a credit restricted felon and relied on two invalid aggravating factors. We also found that the sentencing order did not clearly state whether McCoy was to serve the sentences concurrently or consecutively and what, if any, mitigating factors were found by the trial court. We remanded for resentencing.
>
> When resentencing McCoy, the trial court correctly observed that the sentencing range for a Class C felony is between two and eight years and that the sentencing range for a Level 4 felony is between two and twelve years. However, moments later, the trial court appeared to transpose those ranges when it imposed a twelve-year sentence on the Class C felony and an eight-year sentence on the Level 4 felony.

*McCoy II*, slip op. at 2-4 (citations omitted). This apparent transposition of sentences resulted in an illegal sentence for Count II, the Class C felony. Accordingly, in *McCoy II*, we reversed and remanded for resentencing and expressly noted, "the trial court may simply revert to its original sentence as to the length of each individual sentence or impose other sentences on each count so long as those sentences lie within statutory parameters." *Id*. at 5.

[4] On November 19, 2018, the trial court held a hearing and resentenced McCoy to eight years on Count II and twelve years on Count IV to be served

consecutively, with the last four years served on community corrections. McCoy now appeals from his twenty-year aggregate sentence, claiming that the sentence is inappropriate.

## Discussion & Decision

Pursuant to Ind. Appellate Rule 7(B), we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that our principal role should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "'[W]e must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Rogers v. State*, 878 N.E.2d 269, 275 (Ind. Ct. App. 2007) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)), *trans. denied*. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the

damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013). "The question under App. R. 7(B) is 'not whether another sentence is more appropriate' but rather 'whether the sentence imposed is inappropriate.'" *Miller v. State*, 105 N.E.3d 194, 196 (Ind. Ct. App. 2018) (quoting *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)). McCoy bears the burden of persuading us that his sentence is inappropriate. *See id.*

[7] Here, the trial court imposed maximum sentences and ordered them to be served consecutively for an aggregate sentence of twenty years, with four years served on community corrections. *See* Ind. Code § 35-50-2-5.5 (sentencing range for a Level 4 felony is two to twelve years, with an advisory sentence of six years); I.C. § 35-5-2-6(a) (sentencing range for a Class C felony is two to eight years, with an advisory sentence of four years). McCoy argues that this sentence is inappropriate in light of the nature of the offenses and his character.

[8] With respect to the nature of his offenses, McCoy asserts that he was convicted of "inappropriately touching or fondling" his daughter, which "is not the worst" of child molest offenses. *Appellant's Brief* at 8. The record, however, establishes that McCoy's abuse of his daughter progressed well beyond touching and fondling.[1] Beginning when S.M. was ten years old, McCoy began

---

[1] By pleading guilty, McCoy avoided the risk of being convicted of his two most serious charges, Class A felony and Level 1 Felony child molesting. Although these two counts were dismissed as the result of the plea agreement, we may still consider the full nature and circumstances of McCoy's crimes against his

molesting her and then continued doing so for over a year until S.M. reported the abuse to her mother. In addition to fondling S.M.'s vagina, he would make her masturbate him in the shower and shave his pubic hair. He also engaged in oral sex with S.M. On at least two occasions, McCoy attempted to have sexual intercourse with S.M., partially penetrating her vagina with his penis and causing her pain. Other times, he used a vibrator on the outside of S.M.'s vagina and penetrated her vagina with anal beads, stopping only when she said it hurt. Many of these acts occurred while S.M.'s younger siblings were in the home. The nature of McCoy's ongoing molestation of his daughter was particularly egregious and warranted a lengthy sentence.

[9] Turning to his character, McCoy generally asserts that he had no prior criminal record, was found likely to respond well to probation and unlikely to reoffend, was employed full-time prior to his incarceration, and pled guilty. We have already held that McCoy's guilty plea was not mitigating, as it came more than eighteen months after he was charged and afforded him the enormous benefit of the dismissal a Class A felony charge and Level 1 felony charge. *McCoy I*, 96 N.E.3d at 99. Moreover, McCoy's lack of prior criminal record seems rather inconsequential given the fact that he sexually molested his daughter repeatedly over a lengthy period of time. We find this ongoing abuse and serious violation

---

daughter. *See Bethea*, 983 N.E.2d at 1145 (unless the plea agreement provides otherwise, "it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them").

of his position of trust much more telling of his character than his ability to hold a job and refrain from other illegal activity.

[10] Given the nature of McCoy's offenses and his character, an aggregate sentence of twenty-years, with four of those years served on community corrections, is not inappropriate. Thus, we affirm McCoy's sentence.

[11] Judgment affirmed.

Kirsch, J. and Vaidik, C.J., concur.