## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2019, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James Harper
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Vo Sherman
Certified Legal Intern

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Billy E. McKinney, III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

October 11, 2019

Court of Appeals Case No.
19A-CR-620

Appeal from the LaPorte Circuit
Court

The Honorable Thomas J.
Alevizos, Judge

Trial Court Cause No.
46C01-1810-F5-1195

**Altice, Judge.**

## Case Summary

After pleading guilty to one count of failure to register as a sex offender with a prior conviction, a Level 5 felony, the trial court sentenced Billy McKinney to four years in the Department of Correction (DOC). On appeal, McKinney argues that his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## Facts & Procedural History

McKinney was convicted of Class C felony child molesting on March 25, 1996, and was classified as a sex offender with a lifetime registration requirement. On October 28, 2018, Officer Jacob Koch of the LaPorte County Sheriff's Department was notified that McKinney was listed as non-compliant on the LaPorte County Sex and Violent Offender Registry (the Registry) due to his failure to register his change of address, employment status, and Facebook account with the Registry.

According to the probable cause affidavit[1] prepared by Officer Koch, McKinney had been living with his brother and sister-in-law at a residence on Porter Street in LaPorte, but they "kicked [him] out of the house" on September 18, 2018, after he failed to pay his part of the rent. McKinney also worked at Kingsbury

---

[1] The probable cause affidavit was attached to the presentence investigation report that was admitted into evidence without objection.

Elevator most recently from June 27, 2018 until July 25, 2018, when he left his employment claiming he was going to work for another company. In addition, following up on an anonymous tip, it was discovered that McKinney had a social media account through Facebook. Officer Koch confirmed that McKinney was not living at the house listed on the Registry and was unemployed.

[5] On October 30, 2018, the State filed an information charging McKinney with three different Level 5 felonies: Count I, failure to register a change in his employment, Count II, failure to register his change in primary residence within seventy-two hours, and Count III, failure to register his social media account (Facebook). All three charges alleged that McKinney has a prior, unrelated conviction for failure to register. The trial court issued a warrant for McKinney's arrest.

[6] Around 12:00 p.m. on November 15, 2018, Detective Nick Krause of the Fugitive Apprehension Street Team, observed McKinney, who he knew had an outstanding arrest warrant, driving a car on Franklin Street. Detective Krause was in an unmarked police car, so he requested assistance from a marked patrol unit. A traffic stop was initiated in the rear parking lot of a McDonald's on Franklin Street. McKinney was arrested without incident.

[7] On January 18, 2019, McKinney, pursuant to a plea agreement, pled guilty to Count II, and the State agreed to dismiss the remaining charges. The trial court held a sentencing hearing on February 15, 2019. The court found McKinney's

criminal history, which includes five felony convictions for failing to register, a felony conviction for attempted burglary (Mississippi), and several misdemeanor convictions, to be an aggravating factor. The court also noted that McKinney had numerous violations of probation and had his placement revoked several times. With regard to mitigating factors, the court identified McKinney's guilty plea. Finding that the aggravators outweighed the mitigators, the trial court sentenced McKinney to four years in the DOC. McKinney now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[8] McKinney argues that his four-year sentence is inappropriate. Pursuant to Ind. Appellate Rule 7(B), we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that our principal role should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "'[W]e must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Rogers v. State*, 878 N.E.2d 269, 275 (Ind. Ct. App. 2007) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)), *trans. denied*.

[9]     The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013). "The question under App. R. 7(B) is 'not whether another sentence is more appropriate' but rather 'whether the sentence imposed is inappropriate.'" *Miller v. State*, 105 N.E.3d 194, 196 (Ind. Ct. App. 2018) (quoting *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)). McKinney bears the burden of persuading us that his sentence is inappropriate. *See id*.

[10]    In reviewing the appropriateness of a sentence, we first look to the statutory range for the instant offense. The sentencing range for a Level 5 felony is a fixed term of between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6. The trial court sentenced McKinney to one year above the advisory sentence.

[11]    With regard to the nature of the offense, McKinney asserts that "[w]hile serious, nothing in the record indicates that the failure to register in this case is worse than similar failure to register offenses" and that he "ha[d] simply fallen on hard times and made a mistake by failing to change his register." *Appellant's Brief* at 10. We note, however, that a sex offender is required to notify local law enforcement of a change of principal residence address within seventy-two hours. Ind. Code § 11-8-8-8(c). Here, McKinney admitted that he was not residing at his registered residence for the twenty-eight-day period identified in the charging information. This is well beyond the required seventy-two-hour

reporting period and indicative of something greater than a mere mistake. There is no indication in the record that McKinney ever intended to change his registered address. *See Rogers v. State*, 958 N.E.2d 4, 10 (Ind. Ct. App. 2011) (upholding imposition of maximum three-year sentence for Class D felony failing to register in light of nature of the offense where defendant "failed to register for 26 days" and it was "impossible to predict how long [defendant] would have failed to register" if the State had not filed charges). The nature of the offense does not warrant a lesser sentence.

[12] With regard to the character of the offender, McKinney argues that he accepted responsibility for his actions, that he was getting married so he had a reason to "do what [he has] to do now," that he was "getting ready to reregister" but "just didn't do it," and that he promised "with all [his] heart" to obey the law and abide by the conditions of probation. *Transcript Vol. II* at 15-16. McKinney's criminal history, however, is more indicative of his character than his plea to the court for leniency. Indeed, this offense is McKinney's sixth felony conviction for failure to register by failing to report to law enforcement changes to his Registry information. McKinney also has a felony conviction for attempted burglary and several misdemeanor convictions. Further reflecting his poor character is McKinney's extensive history of violating the terms of probation and various placements. For example, in 2003, McKinney received the benefit of five years of a ten-year sentence being suspended to post-release supervision. The post-release supervision was revoked after a short time. In 2015, McKinney was convicted of Level 5 felony failure to register and received

the benefit of serving the balance of his four-year sentence in Community Corrections. Three months later, his Community Corrections placement was revoked after he violated the conditions of work release. Despite being afforded leniency, McKinney has failed to alter his behavior and remains undeterred from committing new crimes. McKinney's character does not warrant a lesser sentence.

[13] In light of the nature of the offense and the character of the offender, we conclude that McKinney's four-year sentence is not inappropriate.

[14] Judgment affirmed.

Brown, J. and Tavitas, J., concur.