## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 02 2019, 6:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

David L. Tavernier
Branchville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David L. Tavernier,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 2, 2019

Court of Appeals Case No.
19A-CR-499

Appeal from the
Morgan Superior Court

The Honorable
Brian Williams, Judge

Trial Court Cause No.
55D02-1410-FC-1594

**Altice, Judge.**

## Case Summary

[1] Following his guilty plea to Class C felony nonsupport of a dependent child, David Tavernier appeals, asserting that his eight-year sentence with four years suspended is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] Tavernier and Darla Cook (Mother) are the biological parents of K.C. (Child) born in 2003. Paternity was established in 2005, and Tavernier was ordered to pay child support in the amount of $57 per week, plus $3 per week for a then-existing arrearage of $1697. Between October 2009 and June 2014, Tavernier failed to pay $15,000 in support. As of August 2014, Tavernier's arrearage amount was $20,911.92. On October 21, 2014, the State charged Tavernier with two counts of nonsupport of a dependent child, one as a Class C felony and one as a Level 5 felony.[1] By August 31, 2018, Tavernier's arrearage total was $29,284.92.

[4] While the case was pending for over four years, the matter convened for pretrial and status hearings and was repeatedly continued while Tavernier sought counsel, which he obtained on a couple of occasions. Tavernier failed to

---

[1] The Class C felony concerned the time period of October 11, 2009 through June 30, 2014, and the Level 5 felony concerned the time period after July 1, 2014 with an enhancement based upon a prior conviction for nonsupport of a dependent.

appear at an August 2016 hearing, and an arrest warrant was issued and eventually served in May 2017. He was released on bond and then failed to appear at a September 2018 change-of-plea hearing. A warrant was again issued, and he was held without bond until he appeared at a January 7, 2019 hearing, at which he entered into a plea agreement. The agreement provided that Tavernier would plead guilty to the Class C felony charge, the State would dismiss the Level 5 felony charge, and the term of the sentence and probation would be open to the trial court's discretion but the aggregate sentence was capped at eight years with a maximum executed sentence of four years.

[5]     At the January 22, 2019 sentencing hearing, Tavernier explained that he was self-employed with a general contracting business and had been "working hard with [his] business to produce enough money" but it was not enough. *Transcript* at 82. He requested home detention and stated that he "would get a W-2 type job" so that support could be withheld from his check. *Id.* at 81. Tavernier acknowledged that he had a 2006 conviction for nonsupport of a dependent child but stated that it was for other children. He conceded that the 2006 conviction did not impress upon him the importance of supporting his children. He acknowledged that in August 2014 he owed over $29,000 and that his current arrearage was over $30,000. In responding to the State's inquiry as to why the court "should for one second entertain the concept that you're going to start paying now miraculously when you basically haven't paid anything for the last eight years," Tavernier responded, "I will maintain a W-2 job," adding "I never had a chance to at any time . . . be on a program to help pay for this

child support that I owe[.]"  *Id*. at 84.  The presentence investigation report reflected Tavernier's criminal history, which began in 1990 and spanned to 2014 and included twelve misdemeanors and at least six felonies.

[6]  At a subsequent pronouncement-of-sentence hearing, the State argued that Tavernier "basically hasn't been paying at all" and has "done everything he can to avoid having to pay," and Mother and Child had to give up "all kinds of things" due to his nonpayment.  *Id*. at 94.  Tavernier's counsel argued that there had been no evidence presented that Child "went without anything during the course of child's life while [] Tavernier was not paying child support," Tavernier took responsibility for his failure to pay by pleading guilty, and he had a plan for meeting his obligation.  *Id*. at 95.  Tavernier gave a statement in allocution apologizing for not paying child support, assured that he would have a W-2 job in thirty days, and asked for release to be able to work.  He noted, "I'm not pointing any fingers, but I think the programs need to be more in effect for people as me to get guidance from situations in this to help get the best thing done for the child to pay child support payments[.]"  *Id*. at 97.

[7]  Mother gave a victim's statement, stating that she had worked two jobs for Child's entire life and that Child "went without a lot[,]" including "a dad" as Child, who was fifteen at the time of the hearing, had only met Tavernier twice. *Id*. at 98.

[8]  The trial court sentenced Tavernier to eight years with four years suspended to probation.  The court stated, "I cannot fathom coming in here and trying in any

way whatsoever trying to sell the idea that we haven't got . . . proof that this child has not done without[,]" and it rejected Tavernier's comments that he needed to be on some sort of "program" in order to support Child. *Id.* at 99. The court reminded Tavernier, "you hold the keys by finally doing what you should have been doing all along[,]" and it ordered Tavernier to pay $600 per month toward arrears. *Id.* at 102. Tavernier now appeals.

## Discussion and Decision

[9] Tavernier contends that his sentence is inappropriate.[2] Pursuant to Ind. Appellate Rule 7(B), this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "'[W]e must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Rogers v.*

---

[2] Tavernier's appellate challenge to his sentence intertwines abuse of discretion language and inappropriate sentence language. *See e.g. Appellant's Brief* at 7 ("The trial court abused its discretion in sentencing Defendant to the advisory sentence given the character of the offender and the nature of the offense.") It is well-settled that the two types of claims are distinct and are to be analyzed separately. *King v. State*, 894 N.E.2d 265, 266 (Ind. Ct. App. 2008). Because the substance of Tavernier's arguments focuses on the nature of his offense and his character, we find that his claim is that his sentence is inappropriate. To the extent that he claims that the trial court abused its discretion, his claim is waived.

*State*, 878 N.E.2d 269, 275 (Ind. Ct. App. 2007) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)), *trans. denied*. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The question under App. R. 7(B) is "not whether another sentence is more appropriate" but rather "whether the sentence imposed is inappropriate." *Miller v. State*, 105 N.E.3d 194, 196 (Ind. Ct. App. 2018). In conducting our review, we may consider "all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Tavernier bears the burden of persuading us that his sentence is inappropriate. *Barker v. State,* 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*.

[10] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). Here, Tavernier was convicted of one Class C felony, for which the sentencing range is between two and eight years, with the advisory being four years. *See* Ind. Code § 35-50-2-6. The trial court sentenced Tavernier to eight years, suspending four of those to probation.

[11] We have recognized that "[t]he nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). As to the nature of the offense, Tavernier points to the fact that his arrearage did not increase dramatically between May 2003 to August 2014 and he had made some payments during that time. *Appellant's Brief* at 10. We are unpersuaded, however, by his arguments. This is Tavernier's second conviction for nonsupport of a dependent child. He conceded that a 2006 conviction for the same offense did not motivate him to pay support. It is undisputed that between August 2014 and December 2018, his arrearage increased by almost $10,000 such that the total was over $30,000 by December 2018. The nature of the offense does not warrant reduction of his sentence.

[12] "The character of the offender is found in what we learn of the offender's life and conduct." *Croy*, 953 N.E.2d at 664. Tavernier highlights that (1) he took responsibility by pleading guilty, (2) he had "no conscious knowledge" that Child was "going without" due to his nonpayment of support, and (3) there is no evidence that he acted in "callous disregard" of Child's needs, and therefore, he argues, his character does not warrant the four-year executed sentence. *Appellant's Brief* at 11. We disagree. Tavernier's arguments regarding his character overlook the well-settled principle that "[w]hen considering the character of the offender, one relevant factor is the defendant's criminal history." *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). The presentence investigation report reflected that Tavernier has been convicted of

twelve misdemeanors and at least six felonies, including Class D felony nonsupport of a dependent, and he has violated probation. Tavernier's counsel conceded to the trial court that Tavernier's criminal history was "significant." *Transcript* at 96.

[13] Tavernier attempted to lessen his responsibility for his nonpayment of support for almost eight years by suggesting to the trial court that he never had a chance to be in a program to help him with child support. The trial court rejected this attempt to shift blame, as do we. Furthermore, the record reflects that, after the State filed charges in 2014, the case proceeded for years, with two arrest warrants being issued for failing to appear. We find nothing in the record to suggest that his sentence is inappropriate in light of his character.

[14] Accordingly, Tavernier has failed to carry his burden of establishing that his eight-year sentence with four years suspended is inappropriate.[3]

[15] Judgment affirmed.

Brown, J. and Tavitas, J., concur.

---

[3] While this appeal was pending, Tavernier filed with this court two, seemingly identical, pro-se Motions on Constitutional Guarantees for Relief on Final Judgment. Tavernier's motions are difficult to follow, making claims that he has "suffered through living in anxiety, insecurity, and a continuous fear of the burden between right and wrong in unjustified judgments made and introduced by the lower court in there unbalanced justice scales, with conflicting views and agreements" and that he has been "brutally attacked with commands from the lower court by a moral force, of unjustified rulings, of complete discretion and disrespectful decisions, of an obvious disposal of Appellant's credibility to understand the evidence[.]" *Oct. 8, 2019 Motion on Constitutional Guarantees for Relief from Final Judgment* at 3-4. It is not clear what relief he seeks, but it appears that Tavernier is asking this court to vacate his conviction or revise his sentence. We hereby deny his motions.