## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 17 2019, 6:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Erik T. Whitesell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 17, 2019

Court of Appeals Case No.
19A-CR-983

Appeal from the
Blackford Superior Court

The Honorable
John Nicholas Barry, Judge

Trial Court Cause No.
05D01-1801-F5-2

**Altice, Judge.**

# Case Summary

Following his guilty plea to Level 5 felony dealing in methamphetamine, Erik T. Whitesell appeals, asserting that his six-year sentence is inappropriate.

We affirm.

# Facts & Procedural History

On December 7, 2017, Lieutenant Cody Crouse of the Hartford City Police Department was conducting a drug investigation at Whitesell's residence. Lt. Crouse observed Whitesell leave his residence at 7:55 a.m. and return at 12:07 p.m. Over the course of the next several hours, Lt. Crouse saw several vehicles drive up to the residence and the occupants enter and exit the residence. He also observed Whitesell leave and return one or more times. Lt. Crouse obtained a search warrant for the residence and two vehicles, including a gold Lincoln Town Car. Officers observed the Lincoln leave around 4 p.m. with three occupants, including Whitesell, and initiated a stop. Lt. Crouse informed Whitesell that he had a search warrant for the Lincoln and Whitesell's residence. Whitesell gave Lt. Crouse his keys to the residence, and Whitesell told other officers that there was a syringe in front of his bed in the basement. During the search of Whitesell's residence, officers found various items consistent with drug dealing, including syringes, marijuana, Fentanyl, and other drug paraphernalia.

Whitesell was taken to the police station and, after receiving *Miranda* warnings, gave a statement. He admitted to using heroin, methamphetamine, and

marijuana. He admitted that when he was seen leaving around 8:00 a.m. and returning around noon, he had "made a trip," which Lt. Crouse knew from experience referred to a trip to purchase drugs. *Appellant's Appendix Vol. II* at 191. When asked how much "dope" he acquired that day, Whitesell said fifteen grams and indicated that he had already sold it. *Id.* Whitesell stated that he deals in both heroin and methamphetamine and estimated that generally he sold between half an ounce to an ounce per day. He told Lt. Crouse that he makes "a lot" of money each week. *Id.* Lt. Crouse asked Whitesell how law enforcement could "put [a] boot on the throat of this drug problem in Hartford County," and Whitesell stated, "to be honest, [w]hatever you do with me. I'm probably single handed the only one bringing dope into this county in big quantity." *Id.* at 192. Whitesell was arrested and incarcerated at the Blackford County Security Center.

[5] On January 5, 2018, the State charged Whitesell with Count 1, Level 5 felony dealing in methamphetamine; Count 2, Level 5 felony dealing in methamphetamine; Count 3, Level 6 felony unlawful possession of a syringe; Count 4, Level 6 felony possession of methamphetamine; Count 5, Level 6 felony maintaining a common nuisance; Count 6, Class C misdemeanor possession of paraphernalia; and Count 7, Class B misdemeanor possession of marijuana.

[6] On or around May 14, 2018, Whitesell was released from the Blackford County Security Center to Grace House Ministries, located in Shelby County, Indiana, where he was to participate in substance abuse treatment. Pursuant to court

order, he was to reside at Grace House, and at no other place, until such time as he completed his treatment or Grace House terminated his participation. On November 14, 2018, Whitesell executed a written plea agreement, under which he would plead guilty to Level 5 felony dealing in methamphetamine and the remaining charges would be dismissed. The plea agreement further provided that sentencing would be left open but not to exceed four years. A presentence investigation report was ordered, and the sentencing hearing was set for December 17, 2018.

[7] On December 3, the Blackford County probation department filed a report with the trial court stating that, during a November 30 presentence interview, Whitesell admitted to a probation officer that on several occasions he had signed out from Grace House and spent the weekend at his mother's residence in Blackford County. He was also observed on December 1 at a Blackford County High School basketball game. These actions were in violation of the court's release of Whitesell to Grace House, and the trial court issued an arrest warrant for Whitesell's arrest and ordered him to appear before the court.

[8] On December 18, 2018, the trial court issued an order rejecting the November plea agreement. The court stated that it was "obligated" to reject the plea agreement, which capped his sentence at four years, for reasons including that Whitesell left Grace House in contravention of the court's order, Whitesell told Lt. Crouse that he was probably the only person bringing drugs of that quantity into Hartford County, and:

C.  That a plea agreement of the type presented here minimizes the impact of the defendant's involvement in the drug culture in Blackford County, Indiana, and would further permit the defendant to profit from his own wrong by attributing credit time for a rehabilitation placement which was repeatedly violated by the defendant during his period of placement at the Grace House Rehabilitation Center.

*Id.* at 127.

On April 9, 2019, Whitesell executed another plea agreement, under which he would plead guilty to Level 5 felony dealing in methamphetamine with the court "having full discretion over the entire sentence," and the State would dismiss the remaining charges.[1] *Id.* at 159.  The court took the plea agreement under advisement and set the matter for a hearing.

At the sentencing hearing, Lt. Crouse testified about his interview with Whitesell.  Lt. Crouse understood Whitesell's responses in the interview to mean that Whitesell was responsible for bringing large quantities of drugs into the county and that incarcerating Whitesell would stop the flow of drugs, although Lt. Crouse acknowledged on cross-examination that the drug problem still persisted despite Whitesell's incarceration.  Whitesell testified that at the

---

[1] The record reflects that, prior to this April plea agreement, Whitesell had executed a second plea agreement on March 21, 2019, under which he would plead guilty to Level 5 felony dealing in methamphetamine and serve four years on home detention, and the State would dismiss the other charges.  According to Appellant's Brief, the court rejected this agreement in open court.

time of the interview he was intoxicated on heroin, methamphetamine, and marijuana and had exaggerated his involvement in the drug trade.

[11] Whitesell testified that he was employed, working forty and sometimes fifty hours per week. His employer submitted a letter on his behalf, stating that Whitesell had been honest and forthright about his past mistakes and legal issues and that he was a valuable team member and was dependable and trustworthy. At the time of sentencing, Whitesell was living in an apartment with his girlfriend and their one-year-old daughter. His landlord submitted a letter in support of Whitesell, sharing that Whitesell was a reliable tenant, paid rent on time, and performed labor or tasks around the apartment complex, sometimes for pay and sometimes as a volunteer. Whitesell acknowledged his addiction problems and testified that he had completed the Grace House drug treatment program. He asked for the court to impose home detention and monitoring and stated he would be willing to participate in any recommended program. He told the court, "If it can make me a better person, a better parent, a better spouse, I'm willing to do any of it." *Transcript* at 14.

[12] The State presented evidence that while Whitesell completed a drug treatment program at Grace House on November 2018, in March 21, 2019, Whitesell relapsed following a court hearing and used heroin. He violated the court's order while at Grace House by using a night pass more than once to stay at his mother's residence. The presentence report admitted into evidence, with attached probable cause affidavit, reflected that as a juvenile Whitesell had adjudications for what would be Class D felony battery and Class D felony theft

if committed by an adult. He had adult convictions in 2005 for Class D felony theft, Class A misdemeanor criminal trespass. In 2006, he pled guilty to Class D felony theft and in 2007, he pled guilty to Class A misdemeanor operating while intoxicated endangering a person. In 2011, he was convicted for Class D felony theft, and later that year, he was convicted of Class D felony receiving stolen property. In 2013, Whitesell was arrested for burglary and conversion and convicted of Class A misdemeanor conversion. In 2017, he pled guilty to Class C misdemeanor operating a vehicle with a schedule I or II controlled substance in a person's body.

[13] The trial court considered as aggravating factors Whitesell's prior criminal history, his violation of the terms of his release to Grace House, and the impact of the offense on the community. The court considered as mitigating the hardship on Whitesell's girlfriend and daughter through the loss of income and a parent. The court imposed a six-year sentence in the Indiana Department of Correction (DOC), recommending that Whitesell be placed in the Purposeful Incarceration program at the DOC. Whitesell now appeals.

## Discussion & Decision

[14] Whitesell contends that his sentence is inappropriate. Pursuant to Ind. Appellate Rule 7(B), this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a

perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "'[W]e must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Rogers v. State*, 878 N.E.2d 269, 275 (Ind. Ct. App. 2007) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)), *trans. denied*. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Whitesell bears the burden of persuading us that his sentence is inappropriate. *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*.

[15] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). Here, Whitesell was convicted of one Level 5 felony, for which the sentencing range is between one and six years, with the advisory being three years. *See* Ind. Code § 35-50-2-6. The trial court sentenced Whitesell to six years, recommending that he be placed in the Purposeful Incarceration program at the DOC. Whitesell urges that his "maximum sentence allowable" was not appropriate as it failed to consider the progress he made since arrest in terms of home life,

employment, and drug treatment, and he asks us to revise his sentence to five years executed as a direct commitment on electronic monitoring home detention. *Appellant's Brief* at 9.

[16] We have recognized that "[t]he nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). As to the nature of the offense, the record shows that Whitesell acknowledged that he played a significant role in the distribution of drugs in Blackford County, including heroin and methamphetamine. We find no compelling evidence portraying the nature of the offense "in a positive light," nor does Whitesell offer any argument in that regard. *See Stephenson*, 29 N.E.3d at 122. The record before us does not warrant revision of Whitesell's sentence based on the nature of the offense.

[17] "The character of the offender is found in what we learn of the offender's life and conduct." *Croy*, 953 N.E.2d at 664. Whitesell urges that he went to treatment, complied with Grace House rules, obtained employment, and was a reliable tenant and that his improved character demonstrates that his sentence was inappropriate. While we commend the progress Whitesell appears to have made, it is well settled that, "[w]hen considering the character of the offender, one relevant factor is the defendant's criminal history." *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Whitesell's criminal history began in 2002 and spanned to the current offense. In addition to two juvenile adjudications that would have been Class D felonies if committed by an adult,

he has been convicted as an adult of five felonies and four misdemeanor offenses. He has violated probation on at least seven occasions, and he violated the trial court's order requiring him to remain at Grace House during his treatment for substance abuse issues.

[18] The question under App. R. 7(B) is "not whether another sentence is more appropriate" but rather "whether the sentence imposed is inappropriate." *Miller v. State*, 105 N.E.3d 194, 196 (Ind. Ct. App. 2018). Whitesell has not established that his six-year sentence is inappropriate.

[19] Judgment affirmed.

Robb, J. and Bradford, J., concur.