## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 15 2020, 7:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christian A. Hamrick,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 15, 2020

Court of Appeals Case No.
19A-CR-2261

Appeal from the
Henry Circuit Court

The Honorable
Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1806-F5-43

**Altice, Judge.**

# Case Summary

[1] Christian A. Hamrick was convicted following a jury trial of Level 5 felony escape and three misdemeanor offenses. He appeals his aggregate three-year sentence with one year suspended to formal probation, asserting that his sentence is inappropriate in light of the nature of the offenses and his character.

[2] We affirm.

# Facts & Procedural History

[3] On June 17, 2018, Officer Brandon Edstene of the New Castle Police Department initiated a traffic stop of a vehicle, later determined to be operated by nineteen-year-old Hamrick, after Officer Edstene observed two traffic infractions. During the stop, Officer Edstene smelled marijuana and observed a jar with what he believed to be marijuana on the back seat. After being asked to exit the vehicle several times, Hamrick stepped out, was handcuffed, and was arrested for possession of marijuana and operating a vehicle while never having received a license. During the search of the vehicle, police found a second container with 16.4 grams of marijuana. When officers approached Hamrick to show it to him, Hamrick "took off running[.]" *Transcript Vol. 2* at 199. Hamrick did not comply with the officers' multiple orders to stop, and after chasing Hamrick about half a mile, through multiple alleys, backyards, and between houses, police apprehended him near an open garage.

[4] On June 28, 2018, the State charged Hamrick with Count I, Level 5 felony escape; Count II, Level 6 felony maintaining a common nuisance; Count III,

Class A misdemeanor resisting law enforcement; Count IV, Class B misdemeanor possession of marijuana; and Count V, Class C misdemeanor operating a motor vehicle without ever receiving a license. A jury trial was held on August 5, 2019.

[5] Following the State's presentation of evidence, the trial court granted Hamrick's request for a directed verdict on Count II. During Hamrick's testimony, he admitted that he had marijuana in the vehicle and ran from police, explaining that his reason for fleeing was that he felt scared and threatened by the officers. The jury found Hamrick guilty of Counts I, III, IV, and V.

[6] At the August 29, 2019 sentencing hearing, Hamrick submitted four letters on his behalf—one from a long-time coach, two from aunts, and one from a family friend. Hamrick also presented the testimony of his mother, Martha Hamrick (Martha), who stated that Hamrick was from a Christian-based family and that his behavior was "out of character" for him and the family's values. *Transcript Vol. 3* at 53. Martha said that Hamrick had been involved in athletics since fifth grade, received awards, and participated in activities to help cover the cost of playing on a travel basketball team. When Hamrick was in high school, it became apparent to Martha that the absence of Hamrick's father was negatively affecting Hamrick. Wanting him to have a strong male influence, she sent him to live in Elkhart with a family member, who was a teacher and a coach, but it was a challenge to Hamrick to be away and he returned home. Martha also explained that Hamrick's grandmother, with whom he enjoyed a close relationship, passed away, and he did not know how to deal with his emotions

and "began to go down the wrong path of life." *Id.* at 51. She testified that Hamrick's time in jail had caused him to reflect on his choices, and she believed, with a second chance, Hamrick would positively contribute to the community. Martha asked the court to impose probation and home detention.

[7] The pastor from Hamrick's church, Juanita Suggs, also testified on his behalf. Suggs, who had known Hamrick his whole life and who had continued to pastor Hamrick while he was in jail, testified that Hamrick had "hit a rough spot" but that Suggs was working with Hamrick to "get him over some of these humps" and point him in the right direction. *Id.* at 58.

[8] Hamrick made a statement in allocution, stating, "I send a sincere apology . . . to Officer [] Edstene for my unlawful behavior." *Id.* at 59. Hamrick acknowledged making poor decisions and expressed a desire to get a job and attend college upon being released. Hamrick asked the court to impose probation or house arrest "due to this being [his] first conviction[.]" *Id.* at 59.

[9] The State requested the imposition of an advisory three-year aggregate term to be served at the Indiana Department of Correction (the DOC). The State noted that multiple crimes were committed during this incident and that Hamrick violated the conditions of his bond resulting in its revocation. Defense counsel argued that this was Hamrick's first felony or misdemeanor conviction, that Hamrick admitted during trial that he possessed marijuana and ran from police, that there were a number of people who offered support and would help him keep his life on track, and that Hamrick expressed remorse. Hamrick's counsel

observed that Hamrick had spent three hundred and two days in jail and asked the court to fashion a sentence on home detention and suspend any balance to probation.

[10] Before imposing its sentence, the court noted its appreciation of Hamrick's apology to Officer Edstene, and it encouraged Hamrick to not let the incident define him. Although the trial court declined to find any aggravating or mitigating circumstances, it noted that Hamrick had several pending cases involving marijuana and encouraged Hamrick "to get a handle on that issue" to avoid returning to court, where he would face increased consequences. *Id.* at 66. The court sentenced Hamrick as follows: Count I, Level 5 felony escape, 1095 days (or three years) in the DOC with one year suspended to probation; Count III, Class A misdemeanor resisting law enforcement, 364 days in the Henry County Jail; Count IV, Class B misdemeanor possession of marijuana, 60 days in the Henry County Jail; and Count V, Class C misdemeanor operating a motor vehicle without having received a license, 20 days in the Henry County Jail. The court ordered the sentences to be served concurrently. Hamrick now appeals.

## Discussion & Decision

[11] Hamrick argues that his aggregate three-year sentence with one year suspended is inappropriate. Pursuant to Ind. Appellate Rule 7(B), this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has

explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "'[W]e must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.'" *Rogers v. State*, 878 N.E.2d 269, 275 (Ind. Ct. App. 2007) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)), *trans. denied*. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). In conducting our review, we may consider "all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Hamrick bears the burden of persuading us that his sentence is inappropriate. *Barker v. State,* 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*.

[12] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). Here,

Hamrick was convicted of Level 5 felony escape, for which the sentencing range is between one and six years, with the advisory being three years. *See* Ind. Code § 35-50-2-6. He was also convicted of: Class A misdemeanor resisting law enforcement, for which a person shall not be imprisoned for more than a year; Class B misdemeanor possession of marijuana, for which a person shall not be imprisoned for more than 180 days; and Class C misdemeanor operating a vehicle without having possessed a license, for which a person shall not be imprisoned for more than 60 days. I.C. §§ 35-50-3-2, -3, -4. The trial court sentenced Hamrick on the felony escape conviction to the advisory three years with one year suspended and ordered the three misdemeanor sentences – 364 days, 60 days, and 20 days – to run concurrent to each other and to the three-year sentence.

[13] We have recognized that "[t]he nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). As to the nature of the offense, Hamrick urges that "this matter was resolved in a short period of time and resulted in no serious injuries." *Appellant's Brief* at 11. While indeed it is fortunate that no one was injured, Hamrick took what was a secured scene and, in the State's words, turned it into "an inherently dangerous chase[.]" *Appellee's Brief* at 9. Two officers chased Hamrick, who did not follow the officers' commands to stop, for what one officer believed was half a mile, through alleys and between houses. Hamrick's actions placed the community

in danger. The record before us does not warrant revision of Hamrick's sentence based on the nature of the offense.

[14] "The character of the offender is found in what we learn of the offender's life and conduct." *Croy*, 953 N.E.2d at 664. The trial court recognized, as do we, that Hamrick had no prior convictions and extended a "sincere apology" to Officer Edstene. *Transcript Vol. 3* at 59. The record also reflects that Hamrick has the support of his mother, aunts, and others such as the pastor of his church, each of whom urged that this behavior was not consistent with their experience with Hamrick and expressed confidence in his ability to turn his life around.

[15] After receiving evidence, the trial court indicated that, while it considered Hamrick to have "made a mistake," Hamrick was going to need to "soldier through this" and "get [his] act together." *Id.* at 65. The court explained to Hamrick, "I can only put somebody on home detention or probation if I can trust them," and it could not "in good conscience impose home detention because it's an escape," which did not reflect trustworthiness. *Id.* at 66.

[16] Further, on the subject of trustworthiness, the record before us reflects that Hamrick bonded out of jail on October 5, 2018, and, several months later, on February 14, 2019, he was arrested, his bail was revoked, and the State charged him with Level 6 felony dealing in marijuana, Level 6 felony maintaining a common nuisance of controlled substances, and Class B misdemeanor possession of marijuana. This does not reflect positively on Hamrick's

character and, rather, illustrates a disregard for authority. His presentence investigation report indicates that Hamrick also had a pending cause from January 2018 alleging Level 6 felony maintaining a common nuisance and Class B misdemeanor possession of marijuana and another from January 2017 for Class A misdemeanor carrying a handgun without a license. As the trial court noted, several of the pending causes involved marijuana, which the court perceived as "a pattern" that Hamrick needed to address to avoid returning to court, and, as the State observes, Hamrick's conduct escalated from possessing marijuana "to conduct warranting a charge for dealing between 30 grams and 10 pounds." *Id*. at 66; *Appellee's Brief* at 10. In sum, Hamrick's character does not warrant a reduction in his sentence.

[17] The question under App. R. 7(B) is "not whether another sentence is more appropriate" but rather "whether the sentence imposed is inappropriate." *Miller v. State*, 105 N.E.3d 194, 196 (Ind. Ct. App. 2018). Hamrick has not established that his aggregate three-year sentence with one year suspended to probation is inappropriate.

[18] Judgment affirmed.

Bailey, J. and Crone, J., concur.